**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALVIN RONNEL ROSS, | No. 09-17855 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00241-RC |
| v. | |
| ARNOLD SCHWARZENEGGER, Gov., in his individual & official capacity; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Raner C. Collins, District Judge, Presiding[**]

Submitted July 24, 2013[***]

Before: ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

California state prisoner Alvin Ronnel Ross appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging claims arising

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

out of statutory and policy changes regarding the grant of clemency for inmates serving a life without parole sentence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. §1915(A), *Resnick v Hayes,* 213 F.3d 443, 447 (9th Cir. 2000), and 28 U.S.C. § 1915(e), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Ross's ex post facto claim because Ross failed to allege facts sufficient to show that the statutory and policy changes at issue criminalized innocent conduct, increased his punishment, or deprived him of a previously available defense. *See Collins v. Youngblood*, 497 U.S. 37, 41-43 (1990) (setting forth the types of enactments to which the constitutional prohibition on ex post facto laws under Article I, Section 10 applies).

The district court properly dismissed Ross's due process claim because Ross failed to allege facts sufficient to show that he had a "constitutional or inherent" liberty interest in the "commutation of his sentence." *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981) (citation and internal quotation marks omittted); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005) (procedural due process claim hinges on a protected liberty or property interest).

The district court properly dismissed Ross's equal protection claim because Ross failed to allege facts sufficient to show either that he was "intentionally

treated differently from others similarly situated" or that there was "no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam).

Ross's request for appointment of counsel, set forth in his opening brief, is denied. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth factors for appointment of counsel).

**AFFIRMED.**

09-17855